{¶ 59} I must respectfully dissent from the majority in this matter. Reasonable minds could readily disagree with the conclusion of the trial court in finding that the appellant's duties, as opposed to his job classification, created a "management" position that could be dispensed with at will. It is clear that if appellant was a member of management, as opposed to a member of the non-managerial work force, he would not have been entitled to an arbitration hearing prior to his removal.
 {¶ 60} The trial court was correct when they held that "[t]he issue is whether Plaintiff was an administrative employee having no right to arbitration or a non-teaching, unclassified employee for which arbitration was available under the University's personnel policies."
 {¶ 61} Labeling a floating bird with webbed feet anything other than a duck does not make it so. Pursuant to Civ.R. 56, the trial court was required to accept as factual the depositions and affidavit of appellant, for in a summary judgment exercise there is no weighing of evidence. The question, therefore, was the definition of the job, not only in terms but in reality.
 {¶ 62} In his affidavit, appellant states he had very limited discretion in the performance of his duties, supervised no employees, was not permitted to make decisions relating to the general business of Kent State University without the supervision of another employee, and did not plan or apportion work. Could reasonable minds find this to be a discretionary management position? Or could they find it to be a non-discretionary hourly position? The answer to both questions is "yes."
 {¶ 63} The matter was improperly decided on a summary judgment basis. The threshold question of fact remains to be decided.